**Fred C. FEITLER, Mary Anna Feitler, and The Feitler Family Trust, Appellants/Defendants/Counterclaim Defendants/Cross–Claim Defendants,**

v.

**SPRINGFIELD ENTERPRISES, INC., Appellee/Plaintiff/Counterclaim Defendant/Cross–Claim Defendant,**

**J. Laurie Commercial Floors, LLC, d/b/a Jack Lauries Floor Designs, Appellee/Counterclaim Plaintiff/Cross–Claim Plaintiff/Third–Party Plaintiff/Cross–Claim Defendant,**

and

**JM Woodworking Company, Appellee/Third–Party Defendant/Cross–Claim Plaintiff.**

No. 17A04–1206–PL–297.

Court of Appeals of Indiana.

Jan. 23, 2013.

James O. Waanders, Indianapolis, IN, Donald J. Stuckey, Auburn, IN, Attorneys for Appellants.

Stephen J. Harants, Miller & Harants, New Haven, IN, Attorney for Appellee, Springfield Enterprises, Inc.

Jeremy J. Grogg, Burt, Blee, Dixon, Sutton & Bloom, LLP, Edmund P. Kos, Fort Wayne, IN, Attorneys for Appellee, J. Laurie Commercial Floors, LLC.

W. Erik Weber, Mefford, Weber and Blythe, PC, Auburn, IN, Attorney for Appellee, JM Woodworking Company.

**OPINION ON REHEARING**

BRADFORD, Judge.

In our original opinion in this case, we concluded, *inter alia,* that the trial court erred in concluding that Appellee JM Woodworking could hold a mechanic's lien against the property of Appellants. JM failed to issue a pre-lien notice, which we concluded it was required to do if it wished to hold a mechanic's lien. JM now seeks rehearing, and we grant for the limited purpose of revising our previous disposition of this question. JM contends, and Appellants concede, that a pre-lien notice is required only if work is provided to someone "other than the owner or the owner's legal representatives[.]" Indiana Code § 32–28–3–1(i). Having already concluded that the undisputed designated evidence established that JM entered into a separate agreement with the Feitlers and that the Feitlers are "owners" within the meaning of the mechanic's lien statute, we now conclude that JM was not required to issue a pre-lien notice in order to hold a mechanic's lien, and therefore now affirm the trial court on this point. That said, we also deny Appellee J. Laurie's rehearing

petition in full and reaffirm our original opinion in all other respects.

ROBB, C.J., and BAKER, J., concur.